# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:90-CR-0266-4-JOF |
| : | |
| WARREN FORD, : | CIVIL ACTION NO. |
| : | 1:05-CV-3033-JOF |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [552] and motion for leave to proceed in forma pauperis [553].

Petitioner, Warren Ford, was convicted and sentenced to 260 months' imprisonment to run concurrently for each of two counts of conspiracy to distribute drugs in violation of 21 U.S.C. § 846 and U.S.C. § 841. Further, Petitioner was convicted of a firearms violation pursuant to 18 U.S.C. § 924 and sentenced to 60 months' incarceration. The firearms conviction was subsequently vacated, and on November 17, 2000, a resentencing hearing was held. On November 15, 2000, Petitioner filed a motion for relief pursuant to *Apprendi v. New Jersey*, which the court denied in a June 20, 2001 order. Petitioner next submitted a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On July 10, 2002, this court entered an order denying Petitioner's section 2255 motion. On August 2,

AO 72A
(Rev.8/82)

2004, Petitioner filed a motion contending that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner also filed a motion with the United States Court of Appeals for the Eleventh Circuit seeking permission to file a second or successive habeas petition under section 2255 raising a *Blakely* challenge. On September 8, 2004, the Eleventh Circuit denied Petitioner's application to file a successive petition finding that *Blakely* is not retroactively applicable to cases on collateral review for the purposes of authorizing a second or successive section 2255 motion. On February 15, 2005, this court issued an order ruling that this court was without jurisdiction and for the same reasons stated by the Circuit Petitioner's arguments were without merit. On November 21, 2005, Petitioner filed yet another motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and a motion for leave to proceed in forma pauperis.

Because Petitioner's latest motion is second and successive under section 2255, the court has no jurisdiction to consider it. See section 2255 and section 2244( b)(3)(A) (noting that a petitioner must seek permission from the court of appeals before filing a second or successive habeas corpus petition). In any event, even if the court were to consider Petitioner's motion, it is without merit.

In his motion, Petitioner argues that his sentence violates the new rule of constitutional law established in *Booker* and *Fanfan*. Petitioner contends that these holdings are retroactively applicable to cases on collateral review. The Eleventh Circuit Court of

2

Appeals, however, foreclosed this argument in *United States v. Varela,* 400 F.3d 864 (11th Cir. 2005).

In *Varela*, Victor Varela was indicted for conspiracy for possession with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and was found guilty by jury verdict. *Id.* at 865. Varela's presentence report calculated that 150 kilograms of cocaine or more were involved in the offense. *Id.* This drug quantity established a base offense level which carried a sentence of 235 to 293 months' imprisonment. *Id.* The statutory maximum for the offense was 240 months. *Id.* Varela objected to the drug quantity at sentencing, but his objection was overruled and he received a sentence of 235 months' imprisonment. *Id.* at 865-66. Varela's timely-filed section 2255 motion was denied. *Id.* at 866. Subsequently, the United States Supreme Court decided *Blakely*. *Id.* The Eleventh Circuit granted a motion for certificate of appealability on the question of whether *Blakely* was retroactively applicable to cases on collateral review. *Id.* at 867. The Eleventh Circuit determined that *Blakely* and its progeny, the jointly-decided *United States v. Booker and United States v. Fanfan*, 125 S. Ct. 738 (2005), announced new procedures in criminal law. *Id.* at 867-68 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004). Further, the Eleventh Circuit concluded that this new procedural rule "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review." *Id.* at 868.

3

For all of these reasons, the court DENIES Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [552].

With his section 2255 motion, Petitioner submitted a motion to proceed in forma pauperis. However, there are no filing fees for a section 2255 proceedings. *See Anderson v. Singletary*, 111 F.3d 801, 806 (11th Cir. 1997) ("for a section 2255 proceeding, no filing fee is required"). Thus, the court DENIES as MOOT Petitioner's motion to proceed in forma pauperis [35].

SO ORDERED, this 31st day of October 2007.

                                                                 s/ J. Owen Forrester
                                                       J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)